UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| JUAN C. GONZALEZ, | ) | |
| Petitioner, | ) ) ) | |
| v. | ) ) | No. 1:18-cv-00594-TWP-DML |
| WENDY KNIGHT, | ) ) ) | |
| Respondent. | ) | |

**Entry Dismissing Petition for Writ of Habeas Corpus**

The petitioner filed the instant habeas petition challenging a prison disciplinary proceeding in which he was found guilty. For the reasons stated below, this petition is **denied** and this action is dismissed pursuant to Rule 4 of the *Rules Governing Section 2254 Cases in the United States District Court.* Rule 4 provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."

"[I]n all habeas corpus proceedings under 28 U.S.C. § 2254, the successful petitioner must demonstrate that he 'is in custody in violation of the Constitution or laws or treaties of the United States.'" *Brown v. Watters*, 599 F.3d 602, 611 (7th Cir. 2010) (quoting 28 U.S.C. § 2254(a)). "It is the custody itself that must violate the Constitution. Accordingly, prisoners who are not seeking earlier or immediate release are not seeking habeas corpus relief." *Washington v. Smith*, 564 F.3d 1350, 1350 (7th Cir. 2009). In other words, "a habeas corpus petition must attack the fact or duration of one's sentence; if it does not, it does not state a proper basis for relief." *Id.* Typically, in the context of prison disciplinary proceedings, this means that in order to be considered "in

custody," the petitioner must have been deprived of good-time credits, *Cochran v. Buss,* 381 F.3d 637, 639 (7th Cir. 2004) (per curiam), or of credit-earning class, *Montgomery v. Anderson,* 262 F.3d 641, 644-45 (7th Cir. 2001). When such a sanction is not imposed, the prison disciplinary officials are "free to use any procedures it chooses, or no procedures at all." *Id.* at 644.

Here, the petitioner's sanction did not include the loss of good-time credits or a demotion in credit-class earning. Therefore, the petitioner is not "in custody" under § 2254, and his petition for a writ of habeas corpus is **dismissed** pursuant to Rule 4.

Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: 3/1/2018

*[signature: Tanya Walton Pratt]*

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

Distribution:

JUAN C. GONZALEZ
200465
PENDLETON - CIF
CORRECTIONAL INDUSTRIAL FACILITY
Inmate Mail/Parcels
5124 West Reformatory Road
PENDLETON, IN 46064